## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JOHNNY BAKER                                                                                   PLAINTIFF

v.                                                                                   No. 4:05CV224-D-A

DR. JOHN BEARRY, ET AL.                                                              DEFENDANTS


### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner plaintiff's September 22, 2005,

complaint filed under 42 U.S.C. § 1983, challenging the conditions of his confinement. For the

purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated

when he filed this suit. The plaintiff alleges that he injured his back in a motor vehicle accident

while he was incarcerated and that the defendants have failed to provide him with adequate

medical care in treating his back injury. For the reasons set forth below, the instant case shall be

dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff was injured in a motor vehicle accident March 18, 2005. Dr. Matt Verucchi

examined the plaintiff three days later on March 21, 2005; he ordered x-rays of the plaintiff's

back and referred the plaintiff to an orthopaedic clinic for a CT scan. In a letter sent to the

plaintiff for use when the plaintiff sought care elsewhere, Dr. Verucchi stated:

> [The plaintiff] has had back pain w/numbness in L5 distribution s/p recent MVA.
> CT scan of [the plaintiff's] lumbar spine showed L5-S1 spondylolisthesis. This is
> probably developmental but due to pt's new sx's I have discussed his case w/a
> neurosurgeon here. He suggested pt be set pt up w/ lumbar corset brace, get a
> lumbar epidural steroid injection, and a follow-up office visit w/ him in 4-6
> weeks. Since [the plaintiff] has moved we are no longer able to coordinate his
> care. Please continue care as you feel in indicated.

Dr. Matt Verucchi's March 28, 2005, letter to the plaintiff.

On March 28, 2005, Dr. Kim Myung prescribed pain medication for the plaintiff's back –

and requested a Magnetic Resonance Imaging ("MRI") scan of the lumbar region.  However,

Correctional Medical Services, Inc. ("CMS"), the firm the Mississippi Department of Corrections

has contracted with for inmate medical treatment, determined that the plaintiff's injuries did not

meet the CMS criteria for ordering an MRI.  In a letter to Ms. Nell Snellings, the plaintiff's

mother, who had written the Governor of Mississippi about the plaintiff's treatment, Dr. Kentrell

Liddell relayed the following information:

> I discussed your son's case with our contracted medical vendor, Correctional
> Medical Services, Inc. (CMS).  My conclusions and recommendations follow:
>
> ►      There was no mention of "major damage" to [the plaintiff's] back
> nor was there mention of "numbness" in Dr. Verucchi's medical
> summary that was attached to your correspondence.  The CT scan
> that Dr. Verucchi reviewed did show L5-S1 spondylolisthesis, a
> relatively common back finding.  Dr. Verucchi even commented in
> his summary that "This is probably developmental . . . ."
>
> ►      Dr. Verucchi did not "order epidural injections and corset brace" as
> stated in your letter.  Instead, Dr. Verucchi suggested those as
> possible means of management, but did end his summary with the
> statement:  "Please continue care as you feel is indicated."
>
> ►      Per CMS a consult request was submitted for a back MRI but was
> denied because it did not meet the specific criteria.  Instead a CT
> scan of [the plaintiff's] back and kidneys were ordered as well as
> an intravenous pyelogram (IVP) in order to look more closely at
> his kidneys, as another possible source of his back pain.
>
> The results of the pending tests will be reviewed by a medical provider onsite at
> the Mississippi State Penitentiary, and the care plan for [the plaintiff] modified
> based on the results.
>
> In closing, our agency is serious about providing timely, quality medical care to
> all of our inmates.  I assure you that your son is receiving appropriate medical

> treatment.  You may continue to make us aware of any supposed negligence of a
> medical nature.  We appreciate the correspondence.

Letter from Dr. Kentrell Liddell, Medical Director, Mississippi Department of Corrections dated June 9, 2005.

When CMS denied Dr. Myung's request for an MRI, he released the plaintiff from his care April 21, 2005, classified the plaintiff to Medical Class 3, and made an entry in the plaintiff's medical profile ordering that the plaintiff be placed permanently on a bottom bunk. The plaintiff was treated by various doctors and medical personnel from March 28, 2005, to May 5, 2005.  During that time, medical personnel performed two IVP's and a CT scan of the plaintiff's back, kidneys, and bladder.  On May 5, 2005, at the plaintiff's two-week follow-up to his release from the Mississippi Department of Corrections hospital, Dr. Leahman ordered an MRI, and he renewed the plaintiff's prescription pain medication and gave the plaintiff a two-week lay-in.  The plaintiff has requested further testing and treatment, including an MRI.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Under this standard, a state actor

may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff's claim must fail because he has been examined and treated each time he has requested it. The doctors examining the plaintiff have concluded that the best treatment for the plaintiff's condition is a regimen of pain management. As discussed above, the plaintiff's disagreement with the medical treatment does not rise to the level of a constitutional claim. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

SO ORDERED, this the 27th day of March, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE